76 F.3d 381
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald W. UPPOLE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
** Defendant-Appellee.
 No. 95-1685.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 30, 1996.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1978, Ronald W. Uppole was confined to a mental hospital after being found unfit to stand trial for the murder of his wife. He seeks disability benefits up to the date that the Department of Health and Human Services (DHHS) stopped paying Medicare benefits for his hospitalization. The district court adopted a magistrate judge's recommendation to uphold the decision of an administrative law judge (ALJ). The ALJ found that Uppole's mental disability ceased in January 1990. The record as a whole contains substantial evidence to support this conclusion. By 1984, Dr. Reinhard Lukat found that Uppole's psychotic depression with psychotic features was in remission. Psychoactive medications were discontinued in 1985. In 1989, another physician diagnosed Uppole as having "no mental illness." The ALJ's notice of cessation of disability informed Uppole that disability and Medicare payments would end two months after the month in which his disability ceased, unless he elected to continue to receive them while awaiting review. See 20 C.F.R. § 404.1597a (1990). Uppole asserts that his disability ended not in January 1990, but on the day of his release, May 15, 1990. He claims that the district court erred by refusing to listen to the tape recording of an administrative hearing that would show that Medicare payments continued until his release. Such payments allegedly prove his infirmity. We affirm.
 
 
 2
 Uppole asks us to remand this case because the district court did not rule on his second motion for summary judgment and his second motion for default judgment. We construe this request as an assertion of lack of jurisdiction due to the absence of a final appealable decision. 28 U.S.C. § 1291. We find that the district court's decision was final because the issues raised in these two motions had been adjudicated. First, Uppole's second motion for summary judgment was filed before the district court denied the first one. The district court's decision, which denied the first motion and which granted judgment in favor of the defendant, effectively disposed of both motions. See American Nat'l Bank & Trust Co. of Chicago v. Sec'y of Housing & Urban Dev't of Washington, D.C., 946 F.2d 1286, 1289-90 (7th Cir.1991). Second, although Uppole's second motion for default judgment was filed after the summary denial of the first motion, it was prepared before he filed the first one. In substance, the second motion alleges the same default as the first motion. It is simply duplicative. The issue had already been disposed of. The district court later entered a final order and a separate judgment terminating the case. Fed.R.Civ.P. 58. We have jurisdiction.[1]
 
 
 3
 Uppole claims that the district court violated due process and the Federal Rules of Evidence by failing to listen to the tape of the administrative hearing. According to the clerk of the district court and the index to the certified administrative record, the record contained no such tape. However, it does contain a transcript of the hearing in accordance with 42 U.S.C. § 405(g). We find no merit in Uppole's claim that the district court violated the rules of evidence by failing to admit the tape into evidence. The agency, not the district court, is charged with accepting evidence. The district court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. It may not consider evidence outside of the certified record. 42 U.S.C. § 405(g); Papendick v. Sullivan, 969 F.2d 298, 302 (7th Cir.1992), cert. denied, 113 S.Ct. 968 (1993). Furthermore, we fail to see how Uppole's rights, constitutional or otherwise, have been impaired since he has not alleged any material differences between the transcript and the tape.
 
 
 4
 We also find no merit in Uppole's contention that his testimony required the district court to reject the ALJ's disability determination. Uppole's testimony is not inconsistent with the alleged continuation of payments until May 1990, although other evidence suggests the contrary.[2] Even assuming that Medicare payments were made, that fact would not necessarily mean that he remained disabled until May 1990. While it is conceivable that someone in DHHS subsequently decided that Uppole was in fact disabled, it is equally possible that someone either failed to timely notify the person in charge of disbursing Medicare benefits of the cessation of disability or concluded that Uppole had elected to receive only Medicare payments while awaiting administrative review. The record is not sufficient to confirm or deny any of these theories. However, this discussion illustrates that mere continuation of Medicare payments is not inherently inconsistent with finding that the disability had actually ceased. Furthermore, continued Medicare payments do not render Uppole disabled as a matter of law for the purposes of disability benefits. His entitlement to Medicare benefits depended upon receiving disability benefits, not vice versa.[3]
 
 
 5
 AFFIRMED.
 
 
 
 *
 After a preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Although Uppole requested oral argument on the cover of his brief, he did not respond to the Circuit Rule 34(f) notice. Accordingly, the appeal is submitted on the briefs and the record
 
 
 **
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in Social Security cases were transferred to the newly-created Social Security Administration. Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464. Pursuant this Act and Fed.R.App. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted as the defendant-appellee
 
 
 [1]
 Uppole does not raise the merits of the denial of his motion for default judgment on appeal. We also note that on appeal Uppole makes a few conclusory references to violations of his right to equal protection, to petition the government for a redress of grievances and to access to the courts. Even if these issues were sufficiently raised for appellate review, which they were not, they lack merit
 
 
 [2]
 See Admin.R. at 374 (letter from Blue Cross & Blue Shield of Illinois indicating that it did not process any Medicare claims between June 1, 1989 and July 1, 1990) & 364 (discharge/transfer summary indicating only funding source as "other personal resources")
 
 
 [3]
 42 C.F.R. § 406.12(d)(2) (1990) (Medicare A benefits end earliest date of last day of (1) last month individual is entitled to disability benefits, if given advance notice of end of Medicare entitlement, (2) month after month in which notice of termination of disability benefits is sent, or (3) last month before month in which individual turns 65); 42 C.F.R. § 407.27(b) (unless otherwise terminated earlier, Medicare B benefits end on day that Medicare A benefits cease); see also 42 U.S.C. § 426(b) (commencement of Medicare benefits)